# LAW OFFICES OF ALBERT RIZZO, P.C.

NEW YORK · ROME

_____

110 EAST 59TH STREET, 22ND FLOOR
NEW YORK, NY 10022
TEL. (212) 679-5799
www.RizzoLawOffices.com

October 2, 2023

**VIA ECF**

Hon. Lee G. Dunst
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      Re: **Roldan v. K&T Provisions, Inc., Case No. 2:21-cv-04604**
         **DEFENDANTS' MOTION *IN LIMINE* NO. 1**

Dear Judge Dunst:

  Our office represents the defendants in the above-referenced matter, which is scheduled for trial on October 30, 2023.

  Defendants respectfully make this Motion *in Limine* No. 1 to preclude Plaintiff's anticipated introduction into evidence of (a) the Complaint in the matter of Ramirez v. K&T Provisions, Inc., 1:15-cv-5657 (PKC)(RER) (the "Ramirez Action"), (b) the Complaint in the matter of Torres v. K&T Provisions, Inc., 1:20-cv-5642 (WFK)(MMH)(the "Torres Action"), (c) a Declaration of Patrick S. Almonrode, Esq., dated February 28, 2017 (the "Declaration"), and (d) a letter from Patrick S. Almonrode, Esq., dated February 28, 2017 (the "Letter"), and to prohibit Plaintiff from referring to this excluded evidence during the trial, including during opening statements, witness examinations, and closing arguments.

  Defendants request that this evidence be excluded because the pleadings and other documents in unrelated litigations are irrelevant to any fact or claim in the instant action and the Federal Rules of Evidence ("FRE") prohibit the admission of irrelevant evidence under FRE 401 and 402.  And, even if the Court finds that the documents are relevant, their probative value is substantially outweighed by unfair prejudice and confusion of the issues, and should be excluded under FRE 403.

  Moreover, such evidence is also inadmissible hearsay under FRE 801.

**The Facts**

 **A. The Ramirez Action**

  The Ramirez Action predates the instant action by over eight years and the facts in that action predate even the period of Plaintiff's employment with Defendants.  The Ramirez Action

never went to trial and therefore the allegations of the unverified Complaint were never proven. Moreover, the unverified allegations of the Ramirez Complaint do not in any way relate to Plaintiff or his employment with Defendants.

The Declaration and Letter of Patrick S. Almonrode, Esq., both dated February 28, 2017, were submitted to the court in connection with a settlement of the Ramirez Action and were intended to justify the legal fees sought by Ramirez's counsel in that case and to seek the court's approval of the settlement of the action as required of all Fair Labor Standards Act settlements.

### B. The Torres Action

The Torres Action also predates the instant action. Like the Complaint in the Ramirez Action, the allegations of the Complaint in the Torres Action are also unverified and the action has not gone to trial, so the allegations and claims are, as in the Ramirez Action. still unproven. Also, like the Complaint in the Ramirez Action, the unverified allegations do not relate to Plaintiff or his employment with Defendants.

### Legal Argument

### POINT I

### DOCUMENTS FROM UNRELATED LITIGATIONS HAVE NO RELEVANCE TO THE FACTS AND CLAIMS IN THIS ACTION AND SHOULD BE PRECLUDED UNDER FRE 401, 402 AND 403

FRE 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action. There are no facts stated in the unverified allegations of the Complaints in the Ramirez Action or the Torres Action that tend to make any fact in the instant action more or less probable, and certainly neither the existence of the Complaints in those actions nor the Declaration and Letter of Ramirez's attorney are "facts" that are of consequence to this action. As such, they are irrelevant under FRE 401 and inadmissible under FRE 402.

Further, *even if* these documents had some relevance, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. FRE 403.

Plaintiff clearly intends to show a "pattern" of complaints against Defendants over wages. However, in neither the Ramirez Action nor the Torres Action have the allegations ever been proven. Plaintiff is grasping for "evidence" that he does not have and wants to confuse facts relating to a case that occurred 8 years go and one that is still pending, but being vigorously defended, with the facts in this case. The Court should not permit this attempt to bolster evidence that does not exist. Neither of those actions were tried and the alleged merits of those claims were wholly denied by defendants.

Defendants concede that in a bench trial, the court presumably can hear irrelevant evidence, weigh its probative value, and exclude improper inferences from its decisional analysis. *See BIC Corporation v. Far Eastern Source Corporation*, 23 Fed. Appx. 36, 39 (2nd Cir. 2001). However, Defendants maintain that the documents should, in any event, be excluded pursuant to Rule 403 of the FRE.  The documents relate to allegations in unrelated matters, with unrelated parties, under vastly different facts. They are not in any way probative of the hours and days allegedly worked by Plaintiff during the period of his employment with Defendants, nor of the wages he received.

## POINT II

### PLAINTIFF CANNOT INTRODUCE HEARSAY EVIDENCE TO PROVE THE TRUTH OF THE PLAINTIFF'S ALLEGATIONS OF THE HOURS WORKED OR HIS COMPENSATION RECEIVED

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  FRE 801(c).  Pursuant to FRE 802, hearsay is not admissible except as otherwise provided in the Federal Rules of Evidence or other federal authority.

The unverified Complaints in the Ramirez Action and Torres Action are out-of-court statements created by the attorneys for the plaintiffs in those actions.  As they do not relate to any of the facts and claims in the instant action, they cannot be offered to prove the truth of any matter asserted by Plaintiff.  They are therefore inadmissible hearsay.

Similarly, the Declaration and Letter are out-of-court statements authored by a Patrick S. Almonrode, Esq., and do not relate to any of the facts and claims in the instant action. They relate to the settlement and legal fees in the Ramirez Action.  As such, it strains all reason to believe that they are being offered to prove any relevant facts concerning the hours and wages claimed by Plaintiff in this case.

For all of the foregoing reasons, Defendants respectfully request that this Court enter an order (a) precluding the admission of the Complaints in the Ramirez Action and Torres Action, and the Declaration and Letter of Patrick S. Almonrode, Esq. at trial, (b) prohibiting Plaintiff from referring to this excluded evidence during the trial, and (c) for such other and further relief as the court deems just and proper.

    Respectfully,

    Law Offices of Albert Rizzo, P.C.

    s/ *Albert Rizzo*_____
    By: Albert Rizzo
    *Attorneys for Defendants*

cc: Attorneys for Plaintiff (By ECF)