## LAW OFFICES OF ALBERT RIZZO, P.C.

NEW YORK · ROME

_____

110 EAST 59TH STREET, 22ND FLOOR
NEW YORK, NY 10022
TEL. (212) 679-5799
www.RizzoLawOffices.com

October 2, 2023

**VIA ECF**

Hon. Lee G. Dunst
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

      Re:    Roldan v. K&T Provisions, Inc., Case No. 2:21-cv-04604
               <u>**DEFENDANTS' MOTION *IN LIMINE* NO. 2**</u>

Dear Judge Dunst:

     Our office represents the defendants in the above-referenced matter, which is scheduled for trial on October 30, 2023.

     Defendants respectfully make this Motion in *Limine* No. 2 to preclude plaintiff's anticipated introduction into evidence of the Affidavits of Service of the Summons and Complaint in an unrelated action entitled, <u>Torres v. K&T Provisions, Inc</u>., 1:20-cv-5642 (WFK)(MMH)(the "Torres Action").

     Defendants request that this evidence be excluded because the Affidavits of Service are irrelevant to any fact or claim in the instant action and the Federal Rules of Evidence ("FRE") prohibit the admission of irrelevant evidence under FRE 401 and 402. Moreover, even if the Court finds that the documents are relevant, under FRE 403, their probative value is substantially outweighed by unfair prejudice and confusion of the issues.

     Moreover, the Affidavits of Service are also inadmissible hearsay under FRE 801.

**<u>The Facts</u>**

     The Torres Action is presently pending and awaiting a trial date. Essentially, the plaintiff in the Torres Action alleges the same wage and hour claims as those asserted in this action, but that action predates the filing of the instant action. The Complaint in the Torres Action was served upon defendant K&T Provisions, Inc. by the New York Secretary of State, and, upon defendant Robinson Eliodromytis, personally. Defendants did not raise a defense to *in personam* jurisdiction in the Torres Action. There is nothing in the Affidavits of Service that relate to any fact or claim in the instant action.

**Legal Argument**

### POINT I

### THE AFFIDAVITS OF SERVICE ARE IRRELEVANT AND SHOULD BE PRECLUDED UNDER FRE 401, 402 AND 403

FRE 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action. The Affidavits of Service in the Torres Action are not relevant as they do not tend to make any fact in this action more or less probable than without such evidence and they are not of any consequence to a determination of this action. As such, the Affidavits of Service are inadmissible hearsay under FRE 402. *At most*, the Affidavits of Service tend to evidence the fact that the Summons and Complaint in that action were served upon the named defendants in that action.

Even if the Affidavits of Service are arguably relevant, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice under FRE 403. The Affidavits of Service are not dispositive of any issue in this action. What purpose can they serve other than to unfairly prejudice Defendants? Defendants do not deny that they were served in the Torres Action with a Summons and Complaint—this is a matter of public record.

While Defendants concede that in a bench trial, the court presumably can hear relevant evidence, weigh its probative value, and exclude improper inferences from its decisional analysis, *see BIC Corporation v. Far Eastern Source Corporation*, 23 Fed. Appx. 36, 39 (2nd Cir. 2001), Defendants contend that the documents should in any event be excluded pursuant to FRE 403.

### POINT II

### PLAINTIFF CANNOT INTRODUCE HEARSAY EVIDENCE TO PROVE THE TRUTH OF THE MATTERS ASSERTED BY THE AFFIDAVITS OF SERVICE

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. FRE 801(c). Hearsay is not admissible except as otherwise provided in the FRE or other federal authority. FRE 802.

It is anticipated that Plaintiff intends to introduce the Affidavits of Service to establish that the pleading in the Torres Action was served upon the Defendants. However, the Affidavits of Service are clearly hearsay. They are out-of-court statements being offered to prove the truth of the matters asserted therein, that is, that the Summons and Complaint in that action were allegedly served upon the Defendants. As such, they are hearsay and not permitted under FRE 802. Moreover, The Affidavits of Service are not admissible under any of the hearsay exception rules under FRE 803 and 804.

Hon. Lee G. Dunst
October 2, 2023
Page 3 of 3

      For all of the foregoing reasons, Defendants respectfully request that this Court enter an order (a) precluding the admission of the Affidavits of Service in the Torres Action by Plaintiff at trial, (b) prohibiting Plaintiff from referring to this excluded evidence during the trial, and (c) for such other and further relief as the court deems just and proper.

      Respectfully,

      Law Offices of Albert Rizzo, P.C.

      s/ *Albert Rizzo*_____
      By: Albert Rizzo
      *Attorneys for Defendants*

cc: Attorneys for Plaintiff (By ECF)